A. B. *v.* C. B.

# A. B.

*v.*

# C. B.

1. In order to give jurisdiction, the divorce act requires that the parties, or one of them, must have been an inhabitant of this state at the time of the injury, desertion or neglect complained of, &c.—*Held*, that an incurable impotence existing at the time of the marriage, was a *continuing* injury and gave jurisdiction, although neither of the parties was an inhabitant of the state when the marriage was contracted.

2. The parties were married in 1865, and the defendant (the wife) successfully resisted all efforts for intercourse for about five years. Some time afterwards her impotence was discovered, and complainant induced her to submit to a surgical operation therefor, which was performed in 1877, but without success. In 1879 complainant became satisfied that defendant was incurably impotent, and in 1880 filed a bill for divorce on that ground.—*Held*, that his claim to relief had not been forfeited by delay.

A. B. *v.* C. B.

Bill for divorce on the ground of impotence.

THE CHANCELLOR.

Two objections to a decree for the complainant are presented for consideration. One is, that the facts show a want of juris-diction, and the other, that if there be jurisdiction the complainant is barred of relief by his delay in bringing suit. The first objection is based on the provision of the statutory grant of jurisdiction. The act (*Rev. 314*) gives jurisdiction—

"Provided the parties or either of them were or shall be inhabitants of this state at the time of the injury, desertion or neglect complained of, or where the marriage shall have been solemnized or taken place within this state, and the complainant shall have been an actual resident in this state at the time of the injury, desertion or neglect complained of, and at the time of exhibiting the bill; or, where the adultery was committed in this state and the parties complainant and defendant, or either of them, reside in this state at the time of exhibiting the bill, or where the complainant or defendant shall be a resident of this state at the time of filing the bill of complaint, and the complainant or defendant shall have been a resident of this state for the term of three years during which such desertion shall have continued."

The question is, whether, seeing that the impotence existed at the time of the marriage, that time must not be held to be "the time of the injury," within the meaning of the above-quoted language of the first section of the statute. The parties were not, nor was either of them, inhabitants of this state then. The word "injury" in the language under consideration must be construed to mean ground of divorce when applied to cases where the complaint is of impotence, or that the defendant had a former husband or wife living when the marriage took place, or that the marriage was within the prohibited degrees. The injury from the incurable physical impotence of the defendant in this case has been a continuing one from the time of the marriage.

As to the other objection : The parties were married in 1865, and lived together till 1879. The evidence shows that the complainant was not aware for many years after the marriage that the defendant (his wife) was impotent. She for about five

years successfully resisted his efforts for intercourse. When the fact of her impotence was discovered by him, he induced her to submit to a surgical operation to remove the difficulty. The operation was performed in 1877. It was not successful. The complainant became satisfied in 1879 that the defendant was incurably impotent. The bill was filed in 1880. There is no ground for the objection under consideration. The divorce will be decreed.